```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
In re STAGE PRESENCE INC.,               :     16cv8219(DLC)
                                         :     16cv8309(DLC)
                          Debtor.        :
                                         :     MEMORANDUM OPINION
---------------------------------------- X        AND ORDER
                                         :
MUSIC MIX MOBILE, LLC, et al.,           :
                                         :
                          Plaintiffs,    :
                                         :
              -v-                        :
                                         :
ALLEN NEWMAN, et al.,                    :
                                         :
                          Defendants.    :
                                         :
---------------------------------------- X
```

APPEARANCES

<u>For the plaintiffs</u>:
Kerry E. Connolly
The Law Office of Kerry E. Connolly, Esq.
One Battery Park Plaza, 32nd Floor
New York, NY 10004

<u>For defendant Allen Newman</u>:
John Carlson
Sills Cummis & Gross, P.C.
One Riverfront Plaza
Newark, NJ 07102

<u>For defendant Matthew Weiner</u>:
Robert Mitchell Sasloff
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
875 Third Avenue
New York, NY 10022

DENISE COTE, District Judge:

　　　These related bankruptcy appeals were filed on October 20 and 25, 2016. In the proceedings below, the plaintiffs allege

that they were not paid for services they performed in connection with a May 2010 charity event called Childhelp. The defendants include (1) Stage Presence, Inc. ("Stage Presence"), the chapter 11 debtor; (2) One for Each Island Ltd. ("OFEI"), an alleged fictitious entity; (3) Allen Newman ("Newman"), the owner of Stage Presence and producer of Childhelp; (4) Matthew Weiner ("Weiner"), a producer of Childhelp; and (5) Gregory Marquette ("Marquette"), a producer of Childhelp.[1]  According to the complaint, the plaintiffs entered into contracts with Stage Presence and OFEI in which they agreed to perform audio, editing, teleprompter, and music mixing services for Childhelp. It is undisputed that the plaintiffs were not paid for the work they performed.

Although the plaintiffs contracted with Stage Presence and/or OFEI (the "Corporate Defendants"), they seek to hold Newman and Weiner individually liable under the following legal theories: (1) that Newman and Weiner are general partners in a partnership with the Corporate Defendants; (2) that Newman and Weiner signed contracts with the plaintiffs in their personal rather than corporate capacities, or alternatively, that the

---

[1] These appeals concern only the claims against Newman and Weiner. It does not appear that the plaintiffs have served Marquette or OFEI, nor have those parties made an appearance or responded to the complaint.

plaintiffs are the third-party beneficiaries of contracts between the Corporate Defendants, Newman, and Weiner; (3) veil piercing/alter ego; (4) that Newman and Weiner committed fraud by misrepresenting that the plaintiffs would be paid for their work; (5) that Weiner aided and abetted fraud; (6) that Newman was unjustly enriched; (6) that Newman and Weiner tortiously interfered with the plaintiffs' contracts; and (7) that Newman and Weiner were personally liable to certain plaintiffs for wages under the New York Labor Law ("NYLL").  By Order of July 19, the Bankruptcy Court granted in part a motion to dismiss brought by Stage Presence, Newman, and Weiner.  The Order dismissed all claims except (1) the breach of contract claim against Stage Presence, (2) the veil piercing/alter-ego claim against Newman, (3) the unjust enrichment claim against Newman,[2] and (4) the NYLL claims against Newman and Weiner.

By Memorandum Opinion of September 28, the Bankruptcy Court held that the wage claims asserted against Weiner were governed by the laws of the District of Columbia rather than the NYLL because all of the work allegedly performed by the plaintiffs

---

[2] By Order of September 22, the Bankruptcy Court subsequently dismissed the plaintiffs' unjust enrichment claim, holding that the claim belongs to Stage Presence, not the plaintiffs.  The plaintiffs do not seek leave to appeal the September 22 Order.

occurred in Washington, DC.  The court further held that, under the laws of the District of Columbia, the claims were barred by the applicable statute of limitations.[3]  Accordingly, the wage claims against Weiner were dismissed.

The only surviving claims in this action are the contract claim against Stage Presence, the veil piercing/alter-ego claim against Newman, and the NYLL wage claim against Newman.  All claims against Weiner have been dismissed.

The plaintiffs filed a notice of appeal with the Bankruptcy Court on October 11.  On October 25, the plaintiffs filed a motion for leave to appeal three interlocutory Orders of the Bankruptcy Court.  Specifically, the plaintiffs seek to appeal the dismissal of: (1) the general partnership claims against Newman and Weiner; (2) the third-party beneficiary claims against Newman and Weiner; (3) the veil piercing/alter-ego claim against Weiner; (4) the fraud claims against Newman and Weiner; and (5) the wage claim against Weiner.  The motion became fully submitted on November 22.

---

[3] The Bankruptcy Court also held that New York's borrowing statute, N.Y. C.P.L.R. § 202, did not apply because the limitations period provided by the District of Columbia's law is a substantive element of the claim rather than a procedural limitation.

4

**Discussion**

The plaintiffs contend that the Bankruptcy Court's Orders are final as to Weiner, and that interlocutory relief is appropriate in any event for all claims against Newman and Weiner.  Section 158(a) grants a United States District Court jurisdiction over appeals from "final judgments, orders, and decrees," and from interlocutory orders and decrees "with leave of the court."  28 U.S.C. § 158(a).

In general, "[a]n order that adjudicates fewer than all of the claims remaining in [an] action is not a final order." Kamerling v. Massanari, 295 F.3d 206, 213 (2d Cir. 2002).  In bankruptcy cases, however, "[t]he standards for determining finality . . . differ from those applicable to ordinary civil litigation."  In re Quigley Co., Inc., 676 F.3d 45, 51 (2d Cir. 2012) (citation omitted).  This is because "a bankruptcy proceeding is umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding."  Id. (citation omitted).  For that reason, an order of the Bankruptcy Court is final if it finally disposes of a "discrete dispute[] within the

5

larger case." Id. (citation omitted).

The parties agree that in determining whether to grant leave to appeal an interlocutory order under § 158(a)(3), courts apply the standard described in 28 U.S.C. § 1292(b), which governs appeals from interlocutory district court orders to the courts of appeals. See, e.g., In Re: Lyondell Chem. Co., No. 16cv737 (DLC), 2016 WL 1169521, at *2 (S.D.N.Y. Mar. 22, 2016). Under § 1292(b), an interlocutory appeal is permissible when it involves "a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." Even if an interlocutory order "qualifi[es] for certification under 28 U.S.C. § 1292(b), the certification decision is entirely a matter of discretion for the district court." In re Roman Catholic Diocese of Albany, New York, Inc., 745 F.3d 30, 36 (2d Cir. 2014); see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (interlocutory appeal may be denied "for any reason."). The Court of Appeals has emphasized that § 1292(b) certification should be "strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Flor v. BOT Fin. Corp., 79 F.3d

281, 284 (2d Cir. 1996) (per curiam) (citation omitted).

In this case, the Orders that the plaintiffs seek to appeal are not final because they do not finally dispose of the discrete issue of whether Stage Presence, or its principals, are liable to the plaintiffs for work the plaintiffs performed in connection with Childhelp.  The plaintiffs' claims against Stage Presence, Newman, and Weiner are related because, according to the complaint, Stage Presence, Newman, and Weiner are jointly and severally liable for the same debt.  The alleged liability of all three defendants stems from the plaintiffs' work performed for Childhelp.  In addition, the fraud claims asserted against Newman and Weiner are related to that same debt because the complaint alleges that Newman and Weiner misrepresented that the plaintiffs would be compensated for the work they performed in connection with Childhelp.  Thus, the Bankruptcy Court dismissed some of the claims related to the plaintiffs' entitlement to be paid for Childhelp, but allowed others to proceed.

The Court, in its discretion, declines to grant leave to appeal from the interlocutory Orders of the Bankruptcy Court. The plaintiffs have not identified "exceptional circumstances" that "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."

Flor, 79 F.3d at 284 (citation omitted).  Allowing piecemeal appeals prior to the disposition of all claims related to Childhelp would not "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292.

## Conclusion

The plaintiffs' October 25, 2016 motion for leave to appeal is denied.

Dated:     New York, New York
           November 29, 2016

```
                              _____
                                    DENISE COTE
                              United States District Judge
```